UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SANDERS,

    Appellant,

v.

KRISPEN CARROLL, CHAPTER 13
TRUSTEE,

    Appellee.
_____/

Case No. 07-12234

Honorable Nancy G. Edmunds

**OPINION AND ORDER REVERSING BANKRUPTCY JUDGE'S MAY 18, 2007 ORDER REGARDING THE DENIAL OF DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 1328(f)(1)**

This is an appeal from a May 18, 2007 order issued by the Bankruptcy Court in a Chapter 13 bankruptcy proceeding brought by Appellant Jason Sanders ("Sanders"). The Bankruptcy Court confirmed Appellant's proposed Chapter 13 plan but denied Appellant's argument that he was entitled to a discharge in his pending Chapter 13 bankruptcy case. For the reasons stated below, this Court agrees with Appellant that the Bankruptcy Court improperly construed § 1328(f)(1) of the Bankruptcy Code. The Bankruptcy Court's decision that a discharge cannot be issued in Appellant's pending Chapter 13 bankruptcy proceeding is REVERSED.

**I.    Jurisdiction**

Appellate jurisdiction is conferred on this Court by 11 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final

judgments, orders, decrees; of bankruptcy judges under Section 157 of this title. An Appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. Appellate Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Westbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Serv., Inc.*), 106 F.3d 1255, 1259 (6th Cir. 1997).

## III. Facts

The relevant underlying facts of this appeal are undisputed. Appellant filed the pending voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 5, 2007. Previously, on July 29, 2002, he had filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and he received a discharge in that Chapter 7 case on February 5, 2003.

In Appellant's pending Chapter 13 bankruptcy case, the Bankruptcy Court was required to determine whether he was entitled to a discharge. The Trustee argued that he was not. Both the Trustee and Appellant asked the Court to interpret § 1328(f) in a manner that advanced their position. Appellant argued that the 4-year "look back" period set out in § 1328(f)(1) begins to run on the date he filed his previous Chapter 7 bankruptcy case and ends on the date he filed his pending Chapter 13 case. Measured under that filing-date-to-filing-date interpretation, there is approximately 4 years and 5 months between the filing dates of the two separate bankruptcy cases thus entitling Appellant to a discharge in his pending Chapter 13 bankruptcy case. The Trustee, on the other hand, argued that the

2

four-year period in § 1328(f)(1) begins to run on the date Appellant received a discharge in his Chapter 7 bankruptcy case and ends on the filing date of his pending Chapter 13 bankruptcy case. Measured under that discharge-date-to-filing-date interpretation, there is a span of 3 years and 11 months between those two events thus precluding Appellant from obtaining a discharge in his pending Chapter 13 bankruptcy case.

On May 18, 2007, the Bankruptcy Court issued an order agreeing with the Trustee's interpretation of § 1328(f)(1). It began by acknowledging that bankruptcy courts from other districts, applying the plain meaning rule of statutory interpretation, have reached the conclusion that Appellant urges. Rejecting those decisions, the Bankruptcy Court found the language in § 1328(f) to be ambiguous. Consulting the legislative history, the Court found that too was ambiguous. It thus construed § 1328(f) "in light of its intended purpose." *In re Sanders*, 368 B.R. 634, 638 (Bankr. E.D. Mich. 2007). Observing that Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), adding § 1328(f) to the Bankruptcy Code, "for the purpose of providing greater protection to creditors," the Bankruptcy Court determined that the Trustee's statutory interpretation best advanced that goal. *Id.* at 639. This timely appeal followed.

## IV. Analysis

This appeal presents a single issue of statutory interpretation – whether the Bankruptcy Court correctly interpreted the four year look-back period in § 1328(f)(1) as running from the discharge date in the debtor's earlier Chapter 7 case rather than from its filing date. This is an issue of law that is reviewed *de novo*. Having done so, this Court concludes that the Bankruptcy Court's interpretation is erroneous and must be reversed.

The Court begins its analysis a discussion of § 1328(f)'s origins and its text. Section

1328(f) is a new addition to the Bankruptcy Code, enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). A recent bankruptcy court decision discusses why § 1328(f) was added:

> [O]ne of the perceived "evils" of pre-BAPCPA law . . . was the infidel concept of a "20", i.e., the filing of a Chapter 7 to eliminate debts which might be discharged under 11 U.S.C. § 727(a), coupled with the post-discharge filing of a Chapter 13 which could then deal with the debts that were not so discharged and which could not be affected by a Chapter 7 case. A "26" (back to back Chapter 13 cases) was less anathema than was a "20", and a "25" (Chapter 12 followed by Chapter 13) and a "24" (Chapter 11 followed by Chapter 13) were slightly less a worry than a "20", if only because they didn't happen much. It is this perceived "evil" that 11 U.S.C. § 1328(f)(1) was clearly designed to address.

*In re Grydzuk*, 353 B.R. 564, 568 (Bankr. N.D. Ind. 2006). The plain text of § 1328(f) is consistent with the *In re Grydzuk* court's observations.

> Section 1328 provides as follows:
>
> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
>> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief[1] under this chapter, or
>>
>> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f) (footnote added). Section 1328(f)(1) has a four-year look-back period and addresses facts like those presented in this appeal where a Chapter 7 bankruptcy filing is followed by a Chapter 13 filing. Section 1328(f)(2) has a two-year look-back period and

---

[1] 11 U.S.C. § 301(b) was also added to the Bankruptcy Code with the 2005 amendments. It provides that "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Thus, the end date of the 4-year period under § 1328(f)(1) is the filing date of the debtor's voluntary petition for relief under Chapter 13.

4

addresses circumstances where both bankruptcy filings are under Chapter 13. As evidenced from the plain language of § 1328(f), the look back period for serial Chapter 13 cases is half that of instances where Chapter 7, 11 or 12 bankruptcy cases are followed by Chapter 13 cases. "[I]t is clearly the primary intent of § 1328(f)(1) to preclude the filing of a '20', a '24' and a '25' for a more extended period of time than a '26.'" *In re Grydzuk*, 353 B.R. at 568. With that express intent in mind, this Court now examines the issue on appeal -- whether the four year look-back period in § 1328(f)(1) runs from the discharge date in the debtor's earlier Chapter 7 case rather than from its filing date.

The overwhelming majority of bankruptcy courts that have addressed the start and/or end date of the look-back periods in § 1328(f) have held that, to give effect to the plain meaning of the statutory language, the look-back periods referred to in § 1328(f) begin with the filing of the debtor's first bankruptcy case as opposed to the issuance of a discharge in that first case. This Court finds the reasoning and result of this overwhelming majority of bankruptcy courts to be more persuasive than that of the bankruptcy court here. *See In re Ward*, 370 B.R. 812 (Bankr. D. Neb. 2007) (reaching this conclusion in a case addressing serial Chapter 13 bankruptcy cases despite the observation that § 1328(f)(2) would apply only in rare instances); *In re McGehee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) (reaching this conclusion in a case where the debtor's first case was filed under Chapter 7 and the subsequent case was filed under Chapter 13); *In re West*, 352 B.R. 482, 485-86 (Bankr. E.D. Ark. 2006) (observing, in the context of back-to-back Chapter 13 cases, that, despite its impracticality, "a plain reading of the statute supports [the] interpretation" that the look-back period begins from the filing of the first bankruptcy case); *In re Dyer*, Nos. 07-32281, 07-32595, 2007 WL 2915530, *1 (Bankr. E.D. Tenn. Oct. 3,

5

2007) (rejecting *In re Sanders* as unpersuasive and holding that, when the plain meaning of the language in § 1328(f)(1) is considered, "it is apparent . . . that Congress intended for the 4-year period to apply to the date of filing of the prior case rather than the discharge date"); *In re Graves,* No. 06-10634-TJC, 2007 WL 1075108, **2-3 (Bankr. D. Md. Jan. 19, 2007) (discussing back-to-back Chapter 13 cases and concluding that "application of the plain meaning rule results in the adoption of the 'filing date to filing date' interpretation of Section 1328(f)(2)").

As explained by the bankruptcy court in *In re Graves*:

> The "filing date to filing date" approach implements Section 1328 the way it is written. Section 1328(f)(2) prohibits a debtor from receiving a discharge "if the debtor has received a discharge . . . in a case filed under chapter 13 . . . during the 2-year period" preceding the date of the order for relief of the current case. The "filing date to filing date" interpretation gives effect to the logical sequence of the language used. Each subsequent clause modifies the immediately preceding clause. All words are given effect. No punctuation needs to be added or deleted.
>
> On the other hand, the "discharge date to filing date" approach does not give effect to all words, does not follow the sequence of the language used, and appears to require additional punctuation. First it requires switching the two clauses in subsection (2). In that event, the provision would have read (and must be read, in order to adopt the "discharge date to filing date" position) as follows: " . . . if the debtor has received a discharge . . . during the 2-year period preceding the date of such order, in a case filed under chapter 13 of this title."

2007 WL 1075108 at *3. *See also In re Knighton*, 355 B.R. 922, 926 (Bankr. M.D. Ga. 2006) (rejecting an argument that the look-back period "starts running on the date of discharge in the prior case rather than the date of filing in the prior case" because "[n]othing in the language of § 1328(f)(1) supports such an interpretation"); *In re Gardner*, No. 06-56610-PJS, Slip Op. at 2 (Bankr. E.D. Mich. Feb. 2, 2007) (J. Shefferly) (same).

6

The importance of the words "filed under" in § 1328(f) is illustrated in another line of cases that also looks to the filing date of the initial voluntary petition for bankruptcy as the trigger for that Section's look-back period. These cases involve debtors who first file a voluntary petition for bankruptcy under Chapter 13, convert it to a Chapter 7 and, after obtaining a discharge in the Chapter 7 case, subsequently file a Chapter 13 bankruptcy case. The bankruptcy courts have consistently read § 1328(f) and § 328(a) of the Bankruptcy Code together to preclude such debtors from prevailing on an argument that the two-year look-back rule of § 1328(f)(2) applies rather than the four-year rule of § 1328(f)(1). These courts have held that the converted case is deemed to be filed under the chapter to which it has been converted but filed at the time the bankruptcy case was initially filed and before it was converted. *Grice v. We Energies (In re Grice)*, 373 B.R. 886, 888 (Bankr. E.D. Wisc. 2007); *In re Graves*, 2007 WL 1075108 at *4 n.4. After making that determination, the bankruptcy courts have had no problem applying the plain language of § 1328(f) to determine whether the debtor is eligible for a discharge in his subsequent Chapter 13 bankruptcy.

> What is clear is that if a debtor files and receives a discharge in a chapter 7 case, that debtor is only eligible to receive a discharge in a subsequently-filed chapter 13 case after four years have elapsed since the filing of the prior chapter 7 case. What is also clear is that if a debtor files and receives a discharge in a chapter 13 case, that debtor becomes eligible to receive a chapter 13 discharge in a subsequently-filed chapter 13 case after two years have elapsed since the filing of the prior chapter 13 case.

*Id.* at 887. *Accord, In re Ybarra*, 359 B.R. 702 (Bankr. S.D. Ill. 2007); *McDow v. Sours (In re Sours)*, 350 B.R. 261, 269 (Bankr. E.D. Va. 2006); *In re Grydzuk,* 353 B.R. 564, 567 (Bankr. N.D. Ind. 2006); *In re Knighton*, 355 B.R. 922 (Bankr. M.D. Ga. 2006).

7

Finally, the plain language of § 1328(f) should not be ignored simply because § 1328(f)(2), as written, would rarely be applicable. Similar to the Bankruptcy Court in this matter, the bankruptcy court in *In re Ward*, 370 B.R. 812 (Bankr. D. Neb. 2007), observed that "§ 1328(f)(2) would rarely be applicable if it commenced on the filing date of the first case due to most Chapter 13 cases lasting at least three to five years." *Id.* at 814 (citing a similar observation in 8 Alan N. Resnick, *Collier on Bankruptcy* § 1328.06[2] (15th ed. rev.)). Nonetheless, considering the plain language of § 1328(f), the *In re Ward* court arrived at a different conclusion than the Bankruptcy Court here. It held that "the better interpretation of 11 U.S.C. § 1328(f) is that the discharge prohibition period begins running on the date the prior case is filed rather than the date of discharge." *Id.* at 815. It explained that:

> the stated intent [of § 1328(f)] is to encourage Chapter 13 rather than Chapter 7 relief. If the prohibition period of § 1328(f) begins running on the first case filing date, then a debtor who files a new Chapter 13 after completion of (and receipt of discharge in) a typical three- to five-year Chapter 13 plan would *not* have a discharge prohibition period under § 1328(f)(2). However, a debtor who obtained an atypical Chapter 13 discharge within the last two years (such as a hardship discharge under § 1328(b)) would have a prohibition period (two years) as would those filing under other chapters (four years).

*Id.* at 814-15. Contrary to the Bankruptcy Court's May 18, 2007 decision, construing the look-back provision in § 1328(f) as adopting a "filing date to filing date" approach is consistent with that subsection's intended purpose; a purpose that is evident from its plain language.

8

**V. Conclusion**

For the above-stated reasons, this Court REVERSES the Bankruptcy Court's May 18, 2007 Order construing 11 U.S.C. § 1328(f)(1) and concluding that Appellant Sanders was not entitled to a discharge in his pending Chapter 13 bankruptcy case.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager